UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LORENZO REDD,

                 Plaintiff,

<u>MEMORANDUM & ORDER</u>
     -against-                  14-CV-1028(JS)(SIL)

COUNTY OF NASSAU, ARMOR CORR. HEALTH,
INC., NASSAU COUNTY CORRECTIONAL
FACILITY, CPL. MCMILLAN, CPL RHODES,
MICHAEL J. SPOSATO, SHERIFF,

                 Defendants.
------------------------------------X

APPEARANCES
For Plaintiff:       Lorenzo Redd
                 15-A-3881
                 Fishkill Correctional Facility
                 Box 1245
                 Beacon, New York 12508

                 Jodi L. Morales, Esq.[1]
                 The Law Office of Jodi Morales
                 888 Grand Concourse, Suite 1H
                 Bronx, New York 10451

For Defendant
Armor Corr.
Health Inc.:        John J. Doody, Esq.
                 Dale Nicholson McLaren, Esq.
                 Lewis, Brisbois, Bisgaard & Smith LLP
                 77 Water Street, 21st Floor
                 New York, New York 10005

For the Nassau
County Defendants: James R. Scott, Esq.
                 Pablo A. Fernandez, Esq.
                 Nassau County Attorney's Office
                 1 West Street
                 Mineola, New York 11501

---

[1] Jodi L. Morales, Esq. appeared after Plaintiff filed his
objections. (D.E. 222.)  The Court thus treats Plaintiff as a
<u>pro se</u> litigant for purposes of this Order.

SEYBERT, District Judge:

Plaintiff initiated this action on February 11, 2014 (Compl., D.E. 1) and thereafter filed three amended complaints dated February 26, 2015 (First Am. Compl., D.E. 44), February 28, 2015 (Second Am. Compl., D.E. 45), and June 11, 2015[2] (Third Am. Compl., D.E. 81).

On November 23, 2015, Plaintiff sought to file a fourth amended complaint. (Nov. 30, 2015 Mot., D.E. 105.) On July 30, 2015, the motion was referred to then-Magistrate Judge Gary R. Brown.[3] (Referral, D.E. 92.) On February 22, 2016, Judge Brown issued a report and recommendation ("R&R") recommending, among other things, that the Court deny Plaintiff's request to file a fourth amended complaint. (Feb. 22, 2016 R&R, D.E. 107.) On August 31, 2016, Judge Joseph F. Bianco (who previously presided over this matter) declined to adopt Judge Brown's R&R and granted Plaintiff leave to file a fourth amended complaint. (Aug. 31, 2016 Order, D.E. 115, at 8-9.)

_____

[2] The third Amended Complaint is the operative complaint and asserts claims against Armor Corr. Health, Inc. ("Armor") and the "Nassau County Defendants," the County of Nassau, Nassau County Correctional Facility, Cpl. McMillan, Cpl. Rhodes, and Sheriff Michal J. Sposato (the "Nassau County Defendants" and together with Armor, "Defendants"). (D.E. 81.)

[3] Judge Brown has since been confirmed as a District Court Judge for the Eastern District of New York.

Plaintiff did not file a fourth amended complaint. However, one year later, on September 7, 2017, Plaintiff filed a "Notice of Supplemental Claim to Original Complaint." (Supp. Claim, D.E. 139.) On Sept. 14, 2018 Judge Bianco granted Defendants' motions to strike the notice as procedurally improper and stated that "[a]t this juncture of the case, <u>plaintiff must be granted leave to make any amendments to his complaint under Rule 15 of the Federal Rules of Civil Procedure</u>." (Sept. 14, 2018 Order, D.E. 157, at 1) (emphasis added).

Following a telephone conference between the parties, Judge Brown issued a scheduling order indicating that the parties were to add new parties or to amend the pleadings by April 23, 2019. (Mar. 7, 2019 Order, D.E. 186.) By letter dated April 17, 2019, Plaintiff requested leave to file a fourth amended complaint. (2019 Mot. to Amend, D.E. 191.) From what the Court can parse, Plaintiff seeks to assert additional claims arising out of incidents that occurred on January 18, 2014 and July 1, 2014.[4] (See generally 2019 Mot. to Amend; Pl. Reply, D.E. 201; Pl. Obj.,

---

[4] In his objections, Plaintiff seeks to amend his Complaint to assert "wrongs he complains of [that] occurred within the calendar [y]ear" 2014 and specifically "wrongs" arising out of events that occurred on January 18, 2014 and July 1, 2014. (Pl. Obj. ¶ 5.) The Nassau County Defendants note that Plaintiff may also seek to assert claims arising out of incidents that occurred on February 9, 2014 and January 10, 2015. (Nassau Defs. Opp., D.E. 196, at 1.) Accordingly, to the extent they are alleged, these claims are included in the Court's analysis.

D.E. 223, ¶ 5.)  On October 8, 2019, the Court referred the motion to Judge Brown for decision.  (See Oct. 8, 2019 Elec. Order.)  On October 10, 2019, Judge Brown issued an Electronic R&R recommending that the Court deny Plaintiff's application to file a fourth amended complaint as barred by the statute of limitations. (Oct. 10, 2019 Elec. R&R (citing Armor Opp., D.E. 192; Nassau Defs. Opp., D.E. 196)).

Plaintiff filed objections to the R&R on December 2, 2019.  (See Pl. Obj.)  Plaintiff primarily objects on the ground that "law office failure" prevented him from timely asserting his proposed amendments and "constitutes grounds for equitably tolling his failure to properly amend his Complaint within the appropriate time provisions by law."  (Pl. Obj. ¶¶ 9, 4-8, 12-14.)  In reply, Defendants reassert their arguments made in opposition to Plaintiff's motion to amend.  (See Armor Reply, D.E. 224; Nassau Defs. Reply, D.E.225.)

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b)(3). "The objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'"  Brown v. Smith, No. 09-CV-4522, 2012 WL

511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).

Plaintiff's arguments asserted here were not raised before Judge Brown and are therefore not properly before this Court for consideration. "[E]ven in a de novo review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" Brown, 2012 WL 511581, at *1 (quoting Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). On this basis alone, the Court overrules Plaintiff's objections. Kennedy, 2006 WL 3704784, at *3 (collecting cases).

Nonetheless, in light of Plaintiff's pro se status, the Court considers Plaintiff's objections. The "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend," and a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted). However, "a futile request to replead should be denied." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Moreover, while amendments to pro se complaints should be granted "fairly freely," even pro se litigants are not entitled to unlimited opportunities to amend their pleadings. Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980) (citation omitted); Best v. City of N.Y., No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (noting that plaintiff, who had already amended his pleadings twice, had "been given ample opportunity to amend his pleadings" and that "the Court can only afford him so many bites at the apple").

The Court adopts Judge Brown's R&R and agrees with the reasoning set forth in Defendants' letter oppositions. (See Oct. 20, 2019 Elec. R&R; Armor Opp.; Nassau Defs. Opp.) The applicable statute of limitations for Plaintiff's section 1983 and state law claims is three years. James v. Suffolk Cty. Corr. Facility, No. 13-CV-2344, 2018 WL 3966688, at *6 (E.D.N.Y. June 26, 2018), R&R adopted, 2018 WL 3966241 (E.D.N.Y. Aug. 17, 2018) (collecting cases); N.Y. C.P.L.R. § 214 (three-year statute of limitations for assault and battery, negligent infliction of emotional distress, and conversion). Here, the limitations period with respect to claims arising out of events that occurred on January 18, 2014, February 9, 2014, July 1, 2014, and January 10, 2015 expired three-years later on January 18, 2017, February 9, 2017, July 1, 2017,

and January 10, 2018, respectively.  Plaintiff requested to amend
his complaint on April 19, 2019, more than one year after the
latest applicable statutes of limitations expired.  (See 2019 Mot.
to Amend.)  Thus, the proposed amendments are barred by the statute
of limitations and it would be futile to grant Plaintiff a fourth
opportunity to amend his Complaint.  Chavez v. Wylie, No. 18-CV-
7965, 2019 WL 6873806, at *5 (S.D.N.Y. Dec. 17, 2019); Lastra v.
Barnes & Noble Bookstore, No. 11-CV-2173, 2012 WL 12876, at *9
(S.D.N.Y. Jan. 3, 2012) (pro se plaintiffs are not entitled to
file an amended complaint if the complaint "contains substantive
problems such that an amended pleading would be futile").

Plaintiff does not appear to contest that the applicable
statute of limitations bars his proposed amendments.  (See, e.g.,
Pl. Obj. ¶¶ 12-13.)  Rather, as stated above, Plaintiff argues
that "'law office failure' constitutes grounds for" equitably
tolling the statute of limitations.  (Pl. Obj. ¶¶ 9, 4-8, 12-14.)[5]
First, the Court declines to excuse Plaintiff's belated request to
amend his complaint due to "law office failure."  Plaintiff has

_____

[5] Plaintiff also appears to argue that the statute of limitations
does not bar his amendments because they relate back to the
original Complaint.  (Pl. Obj. ¶¶ 10-11).  Even under a liberal
reading of Plaintiff's objections, the Court cannot decipher the
basis for his claim that his proposed amendments relate back to
the original Complaint under Federal Rule of Civil Procedure 15.
In any event, for the reasons stated supra, the Court declines
to address this argument because it was not raised before Judge
Brown.

been generously afforded three opportunities to assert any and all claims related to his medical treatment. (See, e.g., Apr. 28, 2015 Order, D.E. 71.) Further, Plaintiff personally drafted and filed many letters, as well as three amended complaints, after the dates of the incidents that now form the basis of his proposed amendments. Moreover, Plaintiff left Nassau County Corrections Facility custody on September 24, 2015[6] and therefore knew, or had reason to know, of additional claims arising out of his time there on that date, at the earliest, and September 24, 2018, three years later, at the latest. (See Armor Opp. at 2.) Thus, Plaintiff's argument that his prior pro bono counsel somehow prevented Plaintiff from asserting these claims is without merit. Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit "has applied the doctrine as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum." (emphasis added)).

Second, the Court denies Plaintiff's request to consider whether "law office failure" constitutes grounds for equitable tolling. It is Plaintiff's "burden to show that he qualifies for equitable tolling [ ] and the record before me, and before the Magistrate Judge, simply lacks evidence that Plaintiff" was

---

[6] Indeed, Plaintiff's first pro bono counsel appeared one year later, on September 28, 2016. (See, D.E. 118.)

prevented from timely filing his request to amend the Third Amended Complaint. <u>Brown v. Martuscello</u>, No. 16-CV-6084, 2019 WL 3491461, at *2 (S.D.N.Y. Aug. 1, 2019).

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and Judge Brown's R&R (Oct. 10, 2019 Elec. R&R) is ADOPTED in full. Plaintiff's request for leave to file a fourth amended complaint (D.E. 191) is DENIED. The Third Amended Complaint will serve as the operative complaint. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   29  , 2020
       Central Islip, New York